NAPTON, J.
This was an indictment against O’Blennis for betting at faro. The indictment contained but one count, and that charged that the defendant “at and upon a certain gambling device commonly called faro-bank, adapted, devised and designed for the purpose of playing at games of chance for money, unlawfully did bet money,” &c. On the trial a witness testified “ that he had never seen the defendant bet at faro, but that defendant told him that he had staked a man with money to set up a-faro-bank on Third street, St. Louis, and that for staking him, or furnishing him with money, he had received for money won at said faro-bank rising of four hundred dollars, and that he had never seen the defendant where the bank was kept.” Another witness testified to a similar acknowledgment, and this was all the evidence. The court instructed the jury as follows: 1st. If the jury find from the evidence, that the defendant was a partner in carrying on a faro-bank, furnishing a part or the *203 whole of the money required to carry it on, and that money was bet and won on said bank whilst the defendant was partner as aforesaid, upon the joint account of said defendant and another, or others, and that this was done within the coun ty of St. Louis, the jury will find the defendant guilty, and fix his punishment by a fine of not less than ten nor more than twenty-five dollars. 2nd. If the jury'believe from the evidence that the defendant was not interested as a partner in the betting and winning of money upon the faro-bank in question, ■but merely loaned money to the person engaged in carrying it on, although the defendant knew the use said money was to be applied to, and received a compensation for its use, they will find the defendant not guilty.
Instructions were asked of a counter character to those given, but refused. The defendant was found guilty and fined.
The 14th section of the 8th article of the act concerning Crimes and Punishments is directed against persons who set up or keep a faro-bank, and permit others to bet on it. The punishment for this is fine (not exceeding one thous- and dollars) and imprisonment. The 16th section prescribes a punishment for those who bet upon the bank. The indictment against O’Blennis is framed under the latter section. The hypothetical case put to the jury in the first instruction of the court is, that if A. and B. are partners in carrying on a faro-bank, A. furnishing the whole or a part of the money, and receiving his share of the winnings, and B. personally superintending the game, A- is guilty of betting on the bank under the 16th section. Now, the active partner in the case put, is clearly guilty under the 15th section, and punishable by fine and imprisonment. The dormant partner is merely morally guilty of the same offense. If he is not responsible eriminaliter, it must be because he is not present when the game is carried on — in other words, because he is what may be termed a dormant partner. Whether this excuse would avail him or not, we are not now called upon to determine. But how can he be held responsible under the 16th section, when it is plain that the same reason which is supposed to exempt him from punishment under the 15th section would just as well apply to the’16th section ? He is punished, upon this construction, by a paltry fine of ten or twenty-five dollars, for instigating, or aiding or committing the same offense which in the preceding section of the law, is visited with a more severe and ignominious punishment. The 16th section was evidently not u designed to punish such offenses as these. To set up, or keep, or carry on a faro-bank (we suppose the phrases are all designed to mean the same thing) is an offense a great deal more injurious to the public morals, than the act of betting upon the gambling device so set up or conducted. The former is followed as a profession, and its professors go about, seducing the unwary, and holding out temptations to dissipation and vice, and leading thousands to ruin. The latter offense is committed often in the thoughtlessness of the moment — to amuse an idle hour, and without a clear perception of the corrupting associations and vicious habits to which the practice so often tends. The punishment for the two offenses is therefore widely different, and adapted to the supposed magnitude of each. But to punish a man who can find another weak enough or vicious enough to consent to be his instrument in violating the provisions of the 15th section, with a small fine, whilst the instrument is sent to prison and heavily fined, is an inconsistency of design in the law-makers which we are unwilling to attribute to them. If it be that the law has over-looked such a case, the court cannot help it. This will be no reason for bringing the offender within a provision not literally applying to his case, and evidently having no reference to his offense. The other Judges concurring, the judgment is reversed.